DOC #

U.S. DISTRICT COURT
FILED
MAY 19 2009
S.D. OF N.Y.

**BAKER & HOSTETLER LLP**
Heather J. McDonald (HM 3320)
Robertson D. Beckerlegge (RB 1829)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Attorneys for Plaintiffs
Guru Denim, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GURU DENIM, INC.,

              Plaintiff,

       -against-

VARIOUS JOHN DOES; JANE DOES;
and XYZ COMPANIES,

              Defendants.

CIVIL ACTION NO.
07 CV 8337

---

## TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; EXPEDITED DISCOVERY ORDER; ORDER TO SHOW CAUSE BRINGING ON MOTION FOR PRELIMINARY INJUNCTION; SUBSTITUTE CUSTODIAN ORDER AND ORDER TEMPORARILY SEALING THE COURT FILE

Upon the Complaint herein and the exhibits annexed thereto, upon the moving

declarations, and the Memorandum submitted in support of this Motion, it is hereby:

ORDERED, that Defendants show cause before this Court at Courtroom 26B,

United States District Courthouse, 500 Pearl Street, New York, New York, on the **19th day of**

**May, 2009 at 11:30 a.m.**, or as soon thereafter as counsel can be heard, why a preliminary

injunction, pursuant to Fed. R. Civ. P. 65, should not be issued enjoining Defendants, their agents,

servants, employees, officers, and all persons in active concert and participation with them,

1

| | | | | sweatshirts, blazers, knit tops, knit pants, sweatshirts, sweatpants, blouses, coats. |
|---|---|---|---|---|

(hereinafter collectively referred to as the "Plaintiff's Registered Trademarks");

2.      From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any jeans, apparel, goods, labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiff's Registered Trademarks;

3.      From using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with the Plaintiff;

4.      From infringing Plaintiff's Registered Trademarks;

5.      From otherwise unfairly competing with Plaintiffs;

6.      From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff;

7.      From using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Registered Trademarks in connection with the publicity, promotion, sale, or advertising of goods sold by defendants including, without limitation, handbags, sunglasses or other products bearing a copy or colorable imitation of Plaintiff's Registered Trademarks;

8.      From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely

3

describe or represent such goods as being those of Plaintiff and from offering such goods in commerce;

9.      From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff; and

10.     From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the Plaintiff's Registered Trademarks; and it is further

ORDERED, that pending the filing by Plaintiff of a Permanent Injunction confirming the seizure authorized herein, the Clerk of this Court is to keep and maintain under seal all papers filed herein, and that public scrutiny of such papers shall not be permitted, subject to Defendants' right to access such papers upon presenting the Clerk of this Court with proper identification after the seizure authorized herein has been carried out; and it is further

ORDERED, that pending the hearing and determination of Plaintiff's motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Plaintiff; and it is further

ORDERED, that the United States Marshal for this District, or one or more of his deputies, if readily available, or a local law enforcement officer having jurisdiction, or if it is

4

impractical to obtain assistance from said U.S. Marshal and deputies and other law enforcement officers, then employees and agents of Abacus Security, Inc., a licensed and bonded private investigative agency experienced in the civil seizing of counterfeit products, assisted by one or more attorneys or agents of the Plaintiff, is directed to search, seize and sequester or impound the following in the possession, custody or control of defendants, at any location where there is reasonable cause to believe that counterfeit Guru merchandise is sold, offered for sale, distributed, assembled, manufactured or stored, including any vehicles in the possession, custody, or control of defendants, throughout the Southern District of New York:

      a.    All merchandise bearing any copy or counterfeit of Plaintiff's Registered Trademarks or any markings substantially indistinguishable therefrom;

      b.    All labels, tags, logos, emblems, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the Plaintiff's Registered Trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and,

      c.    All books and records showing:

      i.    Defendants' manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

      ii.    Defendants' manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the

5

like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise; and it is further

ORDERED, that all such sequestered merchandise and materials shall be held by the United States Marshal if possible, or if not, shall be delivered to Plaintiff's attorneys or an agent thereof as substitute custodians for the Court, pending further order of this Court; and it is further

ORDERED, the United States Marshal, other law enforcement officer or agent of Abacus Security, Inc., after having first utilized all reasonable measures and taken all steps reasonably necessary, may use such force as may be reasonably necessary to effect the seizure and sequestration Ordered hereinabove; and it is further

ORDERED, that Plaintiff shall provide persons capable of determining whether or not an item is covered by the preceding paragraphs and the United States Marshal, other law enforcement officer or agent of Abacus Security, Inc. shall follow his determination in the seizure; and it is further

ORDERED, that Plaintiff's agents shall promptly inspect the items seized, and if any items are found to be genuine products, such items are to be returned to defendants within seven (7) business days of the date this Order is executed; and it is further

ORDERED, that defendants show cause before this Court on the date and place set forth above, or as soon thereafter as counsel can be heard, why an order should not be entered, pursuant to 15 U.S.C. § 1116(d)(1)(A), Fed. R. Civ. P. 65(b) and the common law of trademark, confirming the seizure authorized herein; and it is further

ORDERED, that while Plaintiff's counsel or its agents may photocopy and review any books and records seized pursuant to this Order, they may not disclose any trade secrets or

6

other confidential information contained in such books and records to Plaintiff or any other person pending the hearing of Plaintiff's motion to confirm the seizure authorized herein; and it is further

ORDERED, that the search, seizure and sequestration ordered hereinabove may be photographed and/or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent subsequent controversy concerning the events occurring during such search, seizure and sequestration and/or impoundment; and it is further

ORDERED, that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiff be given expedited discovery of Defendants with respect to the manufacture, receipt and sale of merchandise, containers, handbags, sunglasses, or other products and labels bearing Plaintiff's trademarks including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action and that such discovery shall take place no later than one (1) day prior to the show cause hearings scheduled herein; and it is further

ORDERED, that the bond previously posted by Plaintiff is deemed sufficient as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure or wrongfully attempted seizure; and it is further

ORDERED, that personal service of the Summons and Complaint, of this Order, and the supporting Declaration of Plaintiff's counsel may be made on Defendants on or before one day prior to the Show Cause Hearings scheduled herein and that such service be deemed sufficient service; and it is further

ORDERED, that copies of the documents filed in this action in support of this Order, but not served, be furnished to Defendants or their counsel upon request; and it is further

ORDERED, that Defendants' answering papers, if any, be personally filed with this Court and personally served upon Plaintiff's counsel, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attn: Heather J. McDonald, Esq., on or before one day prior to the Show Cause Hearings scheduled herein.

Defendants are hereby put on notice that failure to attend the show cause hearings scheduled herein may result in the confirmation of the seizure authorized herein and the immediate issuance of the preliminary injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the temporary restraining order. Defendants are hereby further notified that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted the foregoing Temporary Restraining and Seizure Orders without prior written or oral notice to defendants for the reasons set forth below:

a.      The entry of any order other than a seizure order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act and the common law of trademark infringement;

b.      Plaintiff has not publicized its proposed seizure;

c.      Plaintiff has served the United States Attorney for this District, with appropriate notice of its application for a seizure order without notice pursuant to 15 U.S.C. § 1116(d)(2);

8

d.      Plaintiff is likely to succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services;

e.      Plaintiff will incur immediate and irreparable injury if this Court declines to grant a seizure and/or impoundment order without notice;

f.      The matters subject to said seizure order will be located at the premises of Defendants;

g.      The harm to Plaintiff should this Court decline to grant Plaintiff's motion for a seizure order without notice outweighs any harm which Defendants may incur in the event this Court grants Plaintiff's motion for a seizure and impoundment order; and,

h.      Defendants, or persons acting in concert with them, would likely destroy, move, hide or otherwise make inaccessible to the Court the matters which are subject to the proposed seizure orders if Plaintiff is required to proceed on notice.

Dated: New York, N.Y.
        May 5, 2009

                                        UNITED STATES DISTRICT JUDGE

ISSUED: ___3:00 P___.M.

502118522.14

9